Jones v. Dunning.

## JONES *against* DUNNING AND DOE.

Where the proceedings against bail were irregular, but they suffered two terms to elapse, after a knowledge of the irregularity, before they applied to set them aside, it was held too late.

THE defendants were sued as the special bail of A. B. In January term last, judgment was obtained against them, and in March, an execution issued thereon. The proceedings against them were by writs of *scire facias*, which were returned *nihil;* and it appeared, that the second *scire facias* had not been four days in the sheriff's office. On this ground,

*Van Vechten* moved to set aside all the subsequent proceedings, for irregularity.

*Woodworth*, contra.

*Per Curiam.* There has been a great *laches* on the part of the defendants. They must be presumed to have had actual notice of the proceedings against them, at or before April term last, for the execution issued in March. Two terms have since intervened, and they now come too late to object to these proceedings.

Motion denied.(*a*)

(*a*) It is a general rule in regard to applications to set aside proceedings on the ground of irregularity, and "it has been uniformly held, in regard to applications of this nature, that the party must present his application to the court, at the first *opportunity after the irregularity has taken place*, and before any further proceedings have been had in the cause, by the party complaining of it; 3 T. R. 7, 10 ; 2 Taunt. 243 ; 5 T. R. 464 ; 5 Taunt. 330 ; 2 B. & Ald. 373 ; 10 Johns. 486 ; and the attorney must show due diligence in informing himself of it. 4 Cowen, 91 ; 2 Johns. Cas. 74; see 4 Paige, 288." Grah. Prac. 2d ed. 702 ; also id. 703, *et seq.* where a number of examples of this rule are collected. Where a party moves on a *mere irregularity* he must be held to the rule strictly, and move at the first opportunity or he will be too late. *Cagger* v. *Gardner*, 1 Howard, N. Y. 142.